**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **MOHAMMAD MUHMUD** | **CIVIL ACTION NO. 1:26-CV-01489 SEC P** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **RICKEY SPINNER ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

## REPORT AND RECOMMENDATION

Before the court is a PETITION FOR WRIT OF *HABEAS CORPUS* filed under 28 U.S.C. § 2241 by Petitioner Mohammad Muhmud ("Muhmud") on May 7, 2026.[1] [Doc. 1]. The government filed a response to the petition on July 13, 2026. [Doc. 4]. At the time of filing, Muhmud was in immigration custody at the River Correctional Facility in Ferriday, Louisiana. Muhmud has since been removed.

## I. Background

Muhmud filed the instant petition through which he sought the issuance of a writ of *habeas corpus* directing his release from custody. He was ordered removed to Bangladesh on October 20, 2025. [Doc. 4-1 at p. 7]. According to the Declaration of Matthew Reaves, Assistant Field Office Director of the U.S. Immigration and Custom Enforcement,

> On May 22, 2026, the Petitioner was scheduled for commercial removal flight on June 10, 2026, from New York (JFK).
>
> On June 7, 2026, the Petitioner was transferred from the Alexandria Staging Facility to Nassau County Correctional Center.
>
> On June 10, 2026, the Petitioner was removed from the United States via John F. Kennedy International Airport on Ethiopia Airlines Flight No. ET513 to Adis Ababab Bole International Airport. From there the petitioner took Ethiopia Airline Flight

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

> No. ET 680 with a final destination of Hazrat Shahjalal International Airport, Dhaka, Bangladesh.

[Doc. 4-1, at p. 11, ¶¶ 7, 8, 9]

Accordingly, while this matter was pending, Muhmud was removed from the United States. [*Id.*]

## II. <u>Law and Application</u>

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). If a controversy becomes moot, the case must be dismissed for lack of jurisdiction. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

Additionally, an alien who has been finally removed from United States is not "in custody," as required for a court to have the power to grant a writ of habeas corpus. *See Merlan v. Holder*, 667 F.3d 538 (5th Cir. 2011) (per curiam); *Dien Thanh Ngo v. Johnson*, 3:19-CV-976, 2019 WL 3468909 (N.D. Tex. 2019) (collecting cases), *recommendation adopted*, 2019 WL 3459817 (N.D. Tex. 2019); 28 U.S.C. § 2241.

Because the government's evidence shows that Muhmud is no longer detained and has been removed from the United States, the Section 2241 petition is moot. *See Francis v. Lynch*, 622 F. App'x 455, 455-56 (5th Cir. 2015) (challenge to length of detention awaiting removal became moot when the petitioner was removed); *Odus v. Ashcroft*, 61 F. App'x 121 (5th Cir. 2003) (same). It should therefore be dismissed.

## III. <u>Conclusion</u>

Accordingly, IT IS RECOMMENDED that this Petition for Writ of *Habeas Corpus* filed pursuant to 28 U.S.C. § 2241 by Petitioner Mohammad Muhmud should be DISMISSED WITHOUT PREJUDICE as moot.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers this 21st day of July, 2026.

David J. Ayo
United States Magistrate Judge